UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| **In re:** | Chapter 13 |
| Ralph Forbes and Rita Forbes, | Case No. 14-41184 |
| _____Debtor(s)._____ / | Judge: Hon. Walter Shapero |
| Ralph Forbes and Rita Forbes, | Adversary No. |
| Plaintiff(s), | |
| v. | |
| National Consumer Law Group, | |
| _____Defendant(s)._____ / | |

### ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

Now come the debtors, Ralph Edward Forbes and Rita Ann Forbes, (hereinafter "Debtors"), by and through their counsel, Ryan M. Moldovan of the Law Offices of Ryan B. Moran, PLLC, and for this Adversary Proceeding Complaint for Violation of the Automatic Stay of 11 U.S.C. §362 in conjunction with Federal Rule of Bankruptcy Procedure 7001 hereby state as follows:

### Parties and Jurisdiction

1. Plaintiffs are individuals residing in the city of Royal Oak, Michigan.

2. Defendant, National Consumer Law Group (hereinafter "Defendant") is, upon information and belief, an entity engaged in the business of debt relief services in a multi-jurisdictional setting, proving consumers located within the State of Michigan with such services, and maintains a principal place of business in San Franscico, California.

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on January 29, 2014.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5. This is a core proceeding as that term is defined by 28 U.S.C. §157(b)(2) in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

6. The Plaintiffs further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§151, 157(b)(1), and 1334(b) and E.D. Mich. LR 83.50(a).

7. Venue is proper pursuant to 28 U.S.C. §1409(a).

## Factual Allegations

8. Debtors incorporate by reference paragraphs 1-7 contained herein.

9. Debtors commenced a chapter 13 bankruptcy by filing a voluntary petition for relief on January 29, 2014. *See Docket Entry 1.*

10. Among the Personal Property listed by Debtors in their Schedule B was a "National Consumer Law Group debt management services (potential claim)" (hereinafter "Debt Settlement Funds") in the amount of $12,045.00, based on the amount paid by Debtor's prior to the filing of Debtors' case to be used for the settlement of their debts.

11. Since the filing of their Chapter 13 Bankruptcy Case, Debtors are no longer in need of the debt relief services for which the $12,045.00 was paid, as the creditors will be paid by the Chapter 13 Trustee pursuant to their Chapter 13 Plan.

12. Debtors' counsel has made numerous written attempts to contact the Defendant for a refund of the Debt Settlement Funds to no avail, described as follows:

   a. Debtors' counsel sent, via facsimile, the Notice of Bankruptcy filing for Debtors' case to Defendant on January 30, 2014.

   b. On February 5, 2014, Debtor's counsel mailed National Consumer Law Group a letter authorizing Debtor's counsel to speak on behalf of Debtors in regards to Debtors' account. A true and correct copy of that correspondence is attached as Exhibit A.

   c. On March 19, 2014, after attempting to contact National Consumer Law Group in regards to a refund of the Debt Settlement Funds, Debtor's counsel learned that Defendant continued to take payments from Debtors after the filing of Debtor's Chapter 13 Bankruptcy, despite the fact that the Defendant had been sent notification of such filing.

   d. On March 19, 2014, Debtor's counsel sent a letter to Defendant requesting the following: a refund of all payments, including the post-petition payments, taken by Defendant for debt relief services, a demand to cease all automatic payments from Debtor's bank account for the debt relief services, a request for an itemized list of any disbursements made by Defendant to Debtors' creditors. A true and correct copy of that correspondence is attached as Exhibit B.

   e. On March 27, 2014, Debtor's counsel sent National Consumer Law Group a letter with another request for an itemized list of National Consumer Law Group's disbursements as well as another request for a refund of payments made by Debtors. A true and correct copy of this letter is attached as Exhibit C.

13. Between January 31, 2014 and April 25, 2014, Debtors' counsel contacted Defendant Group via telephone a total of eleven (11) times, each time leaving a message, requesting a refund of the "Debt Settlement Funds," and/or receiving a busy signal on the following dates:

a. January 31, 2014 at 11:29 am EST;
   b. February 5, 2014 at 2:48 pm EST;
   c. February 5, 2014 at 3:09 pm EST;
   d. February 13, 2014 at 3:03 pm EST;
   e. February 13, 2014 at 3:05 pm EST;
   f. February 13, 2014 at 3:12 pm EST;
   g. February 13, 2014 at 3:13 pm EST;
   h. March 11, 2014 3:17 pm EST;
   i. March 11, 2014 at 3:53 pm EST;
   j. April 25, 2014 at 12:58 pm EST;
   k. April 25, 2014 at 1:13 pm EST;

14. Despite continued demands from Debtors' counsel, Defendant has failed to return the Debt Settlement Funds to either the Debtors or the Debtors' counsel.

## **Count I**

15. Debtors incorporate by reference paragraphs 1-15 contained herein.

16. Upon filing of the Debtors' bankruptcy case, the automatic stay of 11 U.S.C. §362 was imposed. *See 11 U.S.C. §362.*

17. Pursuant to the automatic stay, creditors are prohibited from engaging in any act "to exercise control over property of the estate." 11 U.S.C. §362(a)(3), *In re Stewart*, 499 B.R. 557, 572 (Bankr. E.D. Mich 2013); see *Thompson v. Gen. Motors Acceptance Corp., LLC* 566 F.3d 699, 701 (7th Cir. 2009).

18. The bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See 11 U.S.C. §541(a)(1).*

19. In a Chapter 13 bankruptcy case, "the debtor shall remain in possession of all property of the estate." 11 U.S.C. §1306(b).

20. Debtors are informed and believe, and thereon allege, that Defendant was holding the Debt Settlement Funds in trust to disburse to creditors upon settlement of the Debtors' debts, thereby giving Debtors a legal or equitable interest in all funds paid to Defendant that have not yet been disbursed.

21. Defendants' actions in continuing to retain the Debt Settlement Funds and failure to return such funds to the Debtors despite the plethora of attempts made by Debtors' to obtain a refund of such funds constitutes an exercise over control over property of the estate and thus a violation of the Automatic Stay.

22. Section 362(k)(1) provides that "an individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

23. Because Defendant was informed numerous times of Debtors' bankruptcy case, its failure to refund the Debt Settlement Funds is a willful violation of the Automatic Stay, entitling Debtors

to actual damages in the amount of $12,045.00, attorney's fees and costs which continue accrue, and punitive damages.

24.     Punitive damages are appropriate under circumstances of "egregious misconduct on the creditor's part such as that which is taken in arrogant defiance of federal law." *In re Pawlowicz,* 337 B.R. 640, 647 (Bankr. N.D. Ohio 2005).

25.     Based on its conduct in refusing to refund the Debt Settlement Funds to the Debtors, it is clear that Defendant does not plan to comply with the Automatic Stay in arrogance defiance of federal law.

**WHEREFORE,** Debtors pray:

1.      That this Honorable Court issue a Judgment to order Defendant to return the Debt Settlement Funds of $12,045.00 to the Debtors, by and through counsel;

2.      That the Honorable Court issue Sanctions, including attorney's fees and costs pursuant to 11 U.S.C. §362(k) in an amount to be determined according to proof;

3.      That the Honorable Court issue punitive damages against Defendant at a ratio of 9:1 to actual damages, in the amount of $108,405.00;

4.      For other and further relief as the Court deems appropriate.

Dated: March 5, 2014                                  Respectfully Submitted,

                                                      /s/ Ryan B. Moran
                                                         Ryan B. Moran   P70753
                                                         Attorney for Plaintiff
                                                         Moran Law Office
                                                         25600 Woodward Ave., Suite 201
                                                         Royal Oak, MI 48067
                                                         Phone: (248) 246-6536
                                                         Email: *ryan@moranlaw.com*

EXHIBIT A

*Law Offices of*
# RYAN B. MORAN, P.L.L.C.

25600 WOODWARD AVENUE • SUITE 201
ROYAL OAK, MI 48067

TELEPHONE (248) 246-6536
FAX (248) 246-7249
www.moranlawoffice.com

February 5, 2014

**RE:**

Debtor(s): Ralph and Rita Forbes

To Whom it May Concern:

The debtor(s) have retained the Law Offices of Ryan B. Moran PLLC for a Chapter 13 Bankruptcy Case, designated as Case Number 14-41184. Below please find an authorization from the Debtor(s) allowing the Law Offices of Ryan B. Moran PLLC to speak with National Consumer Law Group about their account.

Regards,

*[signature]*

Ryan B. Moran
Attorney

I/We hereby authorize the Law Offices of Ryan B. Moran to speak with National Consumer Law Group regarding our account.

Dated: 2/6/14                                    Signed: *[signature]*
                                                 Ralph Forbes

Dated: 2/6/2014                                  Signed: *[signature]*
                                                 Rita Forbes

Royal Oak Office:
25600 Woodward Ave.
Suite 201
Royal Oak, MI 48067
Ph: 248-246-6536
Fax: 248-246-7249



Flint Office:
2387 S. Linden Rd.
Ste. B-128
Flint MI 48532
Ph: 810-471-4113
Fax: 248-246-7249

March 18, 2014

**VIA U.S. MAIL**
National Consumer Law Group
1 Sansome Street
Suite 3500
San Francisco, CA 94104

**RE: Ralph & Rita Forbes**
**622 S. Rembrandt**
**Royal Oak, MI 48067**
**Bankruptcy Case No. 14-41184**

To The Above:

This law firm represents Mr. & Mrs. Forbes with respect to their chapter 13 bankruptcy case which was filed on January 29, 2014.

This law firm requests an itemized list regarding Mr. & Mrs. Forbes account(s) with your office. This list should include: dates and amounts of payments made by Mr. & Mrs. Forbes to your office and any dates and amounts of the payments that were disbursed to Mr. & Mrs. Forbes' creditors, as well as information relating to how much each creditor received. We ask that you please fax (248-246-7249) or email (tony@moranlaw.com) this accounting to our office within fourteen days from the date of this letter.

This letter also serves as demand for the return of funds sent to your agency by Mr. & Mrs. Forbes in regards to debt settlement. Since Mr. & Mrs. Forbes have sought relief under chapter 13 bankruptcy, your services are no longer necessary. As such, Mr. and Mrs. Forbes are requesting a full refund from your agency directed to our office within fourteen days from the date of this letter (Moran Law, 25600 Woodward Ave., Suite 201, Royal Oak, MI 48067).

Mr. and Mrs. Forbes further request that you cease taking any further payments for your services out of their bank account. The Forbes' have attempted to contact your offices numerous times to stop these payments but have been unable to speak with anybody to make the request.

Finally, this letter serves as a request to save evidence and prevent spoilation with respect to any and all information in your company's or employees' possession or control related to,

concerning, or identifiable to the account(s) for Mr. & Mrs. Forbes. No materials, records, documents, tapes, or other things related to their accounts should be destroyed, deleted, changed, defaced, or otherwise altered, and all measures should be immediately taken to preserve these items as evidence.

_3/18/14_
Date

_Ralph E Forbes_
Ralph Edward Forbes

_3/18/14_
Date

_Rita Ann Forbes_
Rita Ann Forbes

Sincerely,

**Moran Law**
25600 Woodward Ave.
Suite 201
Royal Oak, Michigan 48067
Ph: 248-248-6536
Fax: 248-246-7249

EXHIBIT C

**Royal Oak Office:**
25600 Woodward Ave.
Suite 201
Royal Oak, MI 48067
Ph: 248-246-6536
Fax: 248-246-7249



**Flint Office:**
2387 S. Linden Rd.
Ste. B-128
Flint MI 48532
Ph: 810-471-4113
Fax: 248-246-7249

March 27, 204

**VIA U.S. MAIL**

National Consumer Law Group
1 Sansome Street
Suite 3500
San Francisco, CA 94104

**RE:** **Our Clients – Ralph & Rita Forbes**
**622 S. Rembrandt**
**Royal Oak, MI 48067**
**Case No. 14-41184**

### Request for Refund and Proof of Security Deposit

To The Above:

This law firm and the undersigned attorney represent Mr. & Mrs. Forbes with respect to theaccounts which have been placed with your agency for debt settlement and repayments by Mr. & Mrs. Forbes. Mr. & Mrs. Forbes filed for chapter 13 bankruptcy and were granted relief under the bankruptcy code on January 29, 2014.

We have contacted you several times on this matter and have not received any concrete responses nor have we been notified of any progress with our requests for documents and the refund. At this point, we are willing to provide an additional seven (7) days to provide the information requested below. If we receive no response within the aforementioned time, we will have no choice but to file a motion for turnover on Mr. & Mrs. Forbes' behalf in their bankruptcy case for the recovery of their funds and request attorney's fees for the Motion and our attempts to resolve the matter informally.

This law firm is also requesting an itemized list regarding Mr. & Mrs. Forbes account(s) with your office. This list should include: dates of payments made by Mr. & Mrs. Forbes to your office, dates these payments were received, and dates the payments were disbursed to Mr. & Mrs. Forbes' creditors as well as which creditors said funds were sent to. We would like this information mailed to our office as soon as possible.

This letter also serves as a written demand for the recovery of funds taken from Mr. & Mrs. Forbes in regards to debt settlement. Since Mr. & Mrs. Forbes have sought relief under chapter

13 bankruptcy, we are requesting a full refund from your office in the form of a check to be mailed to our office immediately.

This law firm is also requesting a copy of any retainer agreement you may have with Mr. & Mrs. Forbes in regards to their debt settlement case. We would also like proof of the $110 your office claims Mr. & Mrs. Forbes owe.

Finally, this letter serves as a demand to save evidence and prevent spoliation with respect to any and all information in your company's or employees' possession or control related to, concerning, or identifiable to the above listed account(s) for Mr. & Mrs. Forbes. No materials, records, documents, tapes, or other things related to their accounts should be destroyed, deleted, changed, defaced, or otherwise altered, and all measures should be immediately taken to preserve these items as evidence.

      Sincerely,

**Moran Law**
25600 Woodward Ave.
Suite 201
Royal Oak, Michigan 48067
Ph:   248-248-6536
Fax: 248-246-7249